UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Anthony Wayne Watts,                    Case No. 2:19-cv-00025-JVB-JEM
                Plaintiff,

        v.

Wellpath LLC (d/b/a Correct Care Solutions),
David M. Reynolds in his official capacity as
Sheriff of Porter County, Troy Williams in his
official capacity as Portage Chief of Police,
Mike Heckman in his official capacity as
Burns Harbor Police Chief,

                Defendants.            **TRIAL BY JURY DEMANDED**

## FIRST AMENDED COMPLAINT

Comes now Plaintiff and for his complaint states as follows:

### JURISDICTION AND VENUE

1.      This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2.      Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

3.      Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

4.      This cause of action arose in the Northern District of Indiana. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

## THE PARTIES

5. Plaintiff Anthony Watts is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of West Virginia.

6. Correct Care Solutions is located in Nashville, Tennessee.

7. Correct Care Solutions provides or has provided medical care to the inmates at the Porter County Jail and is provider of medical and mental health services for inmates throughout the State of Indiana. It operates under color of law by and through the Porter County Sheriff's office.

8. Defendants Sheriff of Porter County, Portage Chief of Police, and the Burns Harbor Police Chief are responsible for the policies, practices, and customs of their respective prison and police office system, including Porter County jail, Portage police department, and Burns Harbor police department, as well as the hiring, training, control, supervision, and discipline of its corrections officers and other personnel.

9. Defendant David M. Reynolds is sued in his official capacity as a Sheriff. Sheriff Reynolds is, and was at all relevant times mentioned herein, an adult citizen of the United States and a resident of the state of Indiana. On information and belief, Sheriff Reynolds was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Porter County Jail and was charged with responsibility to ensure that all prisoners under his jurisdiction received timely and adequate medical treatment.

10. All Defendants were duly appointed agents authorized to enforce the laws of Indiana and their local municipalities, and each was so acting under color of the law of Indiana at all times relevant to this action.

## STATEMENT OF FACTS

11. Prior to filing this lawsuit, Plaintiff was incapacitated by being imprisoned for at least one-hundred and four days and therefore unable to file suit in Indiana during that time.

12. Plaintiff performs commercial HVAC work and owns his own business enterprise.

13. Plaintiff is a cancer patient; He suffers from PTSD and gets anxiety attacks; He uses Rick Simpson oil for temporary relief as needed.

14. Plaintiff is prescribed blood pressure medicine and has a valid prescription for medical marijuana.

15. On October 23, 2016, Plaintiff was inside his truck while parked on private property near the towns of Portage and Burns Harbor in Porter County, Indiana; He was peaceably asleep when his vehicle was disturbed by Portage and Burns Harbor Police officers.

16. The officers, as a part of their regular and official employment for the City of Portage and Burns Harbor, operating automotive police patrol vehicles owned and maintained by their respective cities for the use of the police departments.

17. Plaintiff advised the officers of his medical condition and the dire results of his being without medication.

18. The officers ordered Plaintiff to act as he had not planned to do, which Plaintiff did, in response to the evident authority of the cops who were at all times mentioned wearing official uniforms, insignia, and badges of their respective police departments.

19. At the officers' request, Plaintiff displayed his valid driver's license and certificate of vehicle registration, when the cops, without any warrant or probable cause, ordered Plaintiff to get out of his truck and submit to a search of his person. This search was conducted in a violent and abusive manner, during the course of which the cops pulled, shoved, cuffed, and verbally assaulted and abused Plaintiff with the intent of humiliating and embarrassing Plaintiff in the

presence of the public generally, and particularly the people present at the scene.

20. The officers used enforcement techniques that were intended to incite anger and violence in a person in order to justify treating the Plaintiff very severely, as if he were a violent criminal, which he was not.

21. One police officer was Frank Lizak, who forcibly removed the Plaintiff from the vehicle held a gun to Plaintiff's head and beat him severely. Unknown police officers came to the assistance of Lizak and also beat the Plaintiff severely. EMT personnel arrived on the scene but Plaintiff was not taken away by ambulance.

22. Importantly, Plaintiff was beaten even after he was detained and handcuffed.

23. After beating and searching Plaintiff's person as described above, which search did not reveal any incriminatory or dangerous article, the officers required Plaintiff to abandon his vehicle and accompany them to the Porter County jail, where, at the direction of the officers, Plaintiff was unlawfully detained, all without warrant, probable cause, or any lawful cause whatever.

24. At the direction of these officers, Plaintiff was booked and compelled to submit to fingerprinting and photographing of his person by personnel in the employ of the Porter County jail and police department, which such personnel were using facilities present at the jail, which facilities were owned and maintained by the Porter county's use and benefit of its jail personnel and police department.

25. Plaintiff was forcibly placed in a squad car, treated horribly, and arrested in Porter County Jail; He posted bond.

26. The police took his belongings including tens of thousand of dollars.

27. Plaintiff immediately returned to West Virginia and was thereafter prohibited, by

court order, from traveling outside of the state of West Virginia until January 11, 2017.

28. After Plaintiff was allowed to travel outside of his home state, he returned to Indiana and was arrested for failing to appear at a hearing despite his having previously advised the court that he was unable to leave West Virginia and attend the hearing, he effectively asked for a continuance and had justifiable cause to do so.

29. Despite being told of his dire medical conditions, Correct Care Solutions's personnel and the jail personnel employed by the Porter County jail, under the Porter County Sheriff's authority, knowingly and recklessly failed to provided Plaintiff with much needed medical care.

30. During Plaintiff's time in jail, Plaintiff experienced severe anxiety, increased blood pressure, and pain in his body from his diseases.

31. He approached the Defendants, including Correct Care Solutions and requested that he be allowed to take his prescribed medications, including prescribed cannabis. Defendants denied Plaintiff's request.

32. Plaintiff approached the Defendants, including Correct Care Solutions, about his injuries which occurred as a result of the police officers beating him at the scene of his arrest. Nothing was done.

33. Plaintiff filed a grievance through the jail's computer systems.

34. On or about October 27, 2016, and at a different time on or about January 17, 2017, Plaintiff was seen by a Correct Care Solutions and jail medical personnel who acknowledged his need for medical relief but advised the Plaintiff that there was nothing Correct Care Solutions personnel, jail personnel, or the other Defendants' personnel will do.

35. During his time in jail, Plaintiff continued to complain to the jail personnel and to

Correct Care Solutions personnel that he needed medical assistance because of severe pain, and that he was dizzy and nauseous. Defendants, knowing of the complaints, continuously ignored Plaintiff.

36. Eventually, Mr. Watts plead to a charge of misdemeanor resisting law enforcement.

## COUNT I - UNLAWFUL POLICY, CUSTOM, OR HABIT

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above as though fully set forth herein.

38. This Cause of Action is brought pursuant to 42 U.S.C. Section 1983 and the Constitution of the United States, in particular, but not limited, to the Fourteenth Amendment thereto.

39. The police chiefs which had authority over their respective police departments, were aware of prior instances of their officers administering beatings upon citizens suspected of small crimes, failing to consider serious medical needs of such citizens, and inciting anger purposefully in such citizens in order to justify harsh treatments but took no steps to prevent the recurrence of such incidents. The incident involving Plaintiff would not have occurred except for the failure of the Chiefs to take action to prevent such occurrences.

40. Correct Care Solutions and Defendant Porter County Sheriff which has authority over the Porter County jail, were aware of prior instances of poor medical treatment of pretrial detainees and regular inmates at the Porter County jail, but took no steps to prevent the recurrence of such incidents. The incident involving Plaintiff would not have occurred except for the failure of the Defendants to take action to prevent such occurrences.

41. Correct Care Solutions and the jail under the authority of the Defendant Porter

County Sheriff has and did have, at the time of Plaintiff's incarceration, a policy, custom, or habit of providing woefully inadequate medical care to the inmates of that facility, ignoring requests for medical attention, and acting with deliberate indifference to the serious medical needs of its inmates, including Plaintiff.

42. As a direct and proximate result of this policy, custom, or habit, Plaintiff suffered the injuries alleged herein, and thus was deprived of his rights guaranteed by the United States Constitution.

43. As a result of the injuries and constitutional deprivations alleged above, Plaintiff suffered and is entitled to damages as alleged herein above.

44. In doing the acts and making the omissions alleged herein, Correct Care Solutions acted maliciously and with a wanton disregard for the rights, needs, and feelings of Plaintiff, and by reason thereof, Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

45. WHEREFORE, Plaintiff prays that this honorable court enter judgment against the Defendants for violation of his constitutional rights and order all appropriate damages be awarded to the plaintiff including those for punitive damages against Correct Care Solutions, and for all other relief that is just and proper in the premises.

COUNT II - INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE

46. Plaintiff repeats and realleges paragraphs 1 through 44 as if set forth in full here.

47. Defendants Portage Chief of Police and Burns Harbor Police Chief failed to train, supervise, and discipline its police officers, including those named herein Defendants so as to prevent the unlawful detention, beating, inciting, thieving, interrogation, and searching of plaintiff and his vehicle.

48. These Defendants' failure to train, supervise, and discipline amounts to deliberate indifference to the rights of persons with whom the defendant police departments and the other police authorities named as defendants in this case come into contact, including Plaintiff. It is this failure that has created and encouraged ongoing citizen harassment and severe mistreatment.

49. The deficiency in the training, supervision, and disciplining of defendants' police officers was an actual cause of the constitutional deprivations and injuries suffered by Plaintiff.

50. The deficiency in training, supervising, and disciplining of such officers represents a deliberate indifference on the part of the Defendants to the rights of law abiding citizens.

51. As a direct result of Defendants' negligence, plaintiff was subjected to emotional injury, beatings, mental anguish, body searching, confinement, and deprived of his liberty, freedom, and personal property.

52. WHEREFORE, Plaintiff prays that this honorable court enter judgment against the defendants for violation of his constitutional rights and order all appropriate damages be awarded to the Plaintiff including those for punitive damages against Correct Care Solutions, and for all other relief that is just and proper in the premises.

COUNT III - CRUEL AND UNUSUAL PUNISHMENT

53. Plaintiff repeats and realleges paragraphs 1 through 51 as if set forth in full here.

54. Each of the Defendants demonstrated deliberate indifference to Plaintiff's serious medical needs, his safety, and his personal property. These actions of Defendants set forth above violated Plaintiff's rights secured by the United States Constitution not to be subjected to cruel and unusual punishment.

55. As a result of the actions of Defendants, Plaintiff suffered severe pain, suffering,

discomfort, and disfigurement.

56.     WHEREFORE, Plaintiff prays for the entry of judgment against Defendants for compensatory damages in an amount as proved at trial; for an award of punitive damages against Correct Care Solutions; for costs, expenses, and attorney's fees for this action in accordance with 42 U.S.C. Section 1988; for an order declaring that the Defendants have acted in violation of the United States Constitution; for an order enjoining Defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein; and such other and further relief as the court deems just and proper.

## COUNT IV - DENIAL OF MEDICAL CARE

57.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

58.     This Cause of Action is brought pursuant to 42 U.S.C. Section 1983 and the Constitution of the United States, in particular, but not limited to, the Fourteenth Amendment thereto.

59.     The above described acts and omissions of Correct Care Solutions and the other Defendants, and each of them, constituted deliberate indifference to Plaintiff's obvious and serious medical needs, constituting punishment in violation of plaintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

60.     As a direct and proximate result of the acts, omissions, and constitutional violation alleged above, plaintiff has suffered severe physical pain, mental anguish, emotional distress, and bodily injury, all to her damage in an amount to be proven at trial.

61.     In doing the acts and making the omissions alleged herein, Correct Care Solutions acted maliciously and with a wanton disregard for the rights, needs, and feelings of Plaintiff, and

by reason thereof, Plaintiff demands exemplary and punitive damages in an amount to be proven at trial against it.

62. WHEREFORE, Plaintiff prays for the entry of judgment against Defendants for compensatory damages in an amount as proved at trial; for an award of punitive damages against Correct Care Solutions; for costs, expenses, and attorney's fees for this action in accordance with 42 U.S.C. Section 1988; for an order declaring that the defendants have acted in violation of the United States Constitution; for an order enjoining defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein; and such other and further relief as the court deems just and proper.

## COUNT V - CONSTITUTIONAL VIOLATION

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

64. The police officers, with the authorization of the various chiefs, severely beat Plaintiff after he was detained.

65. The herein stated acts and failures of these Defendants amounts to, among other things, Plaintiff's being treated with a violation of his constitutional right to be free from illegal search and seizure and his right to liberty.

66. The above-described actions interfered with Plaintiff's exercise or enjoyment of rights secured by the US Constitution.

67. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of these Defendants, Plaintiff sustained severe physical injury, causing him great pain of body and anguish of mind; incurred substantial medical and other expenses; and was prevented from transacting his usual business.

68. Wherefore, Plaintiff requests Judgment against the Defendants for an amount to be determined at trial; Costs of suit; and Such other and further relief as the court deems just and proper.

## COUNT VI - INDIANA CONSTITUTIONAL VIOLATIONS

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

70. The herein stated acts and failures of these Defendants amounts to, among other things, Plaintiff's being treated with unnecessary rigor, and with his punishments being out of proportion with any offense he was suspected of committing.

71. This Cause of Action is brought by Plaintiff against Defendants for interference with constitutional and statutory rights within the meaning of the Indiana Constitution Article 1 §§ 15, 16.

72. The above-described actions interfered with Plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of Indiana.

73. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of these Defendants, Plaintiff sustained severe physical injury, causing him great pain of body and anguish of mind; incurred substantial medical and other expenses; and was prevented from transacting his usual business.

74. Wherefore, Plaintiff requests Judgment against the Defendants for an amount to be determined at trial; Costs of suit; and Such other and further relief as the court deems just and proper.

## JURY DEMAND

75. COMES NOW the Plaintiff, Anthony Wayne Watts, by counsel, and demands trial

by jury.

                                  Respectfully submitted,

                                  /s/Daniel Zamudio
                                  Daniel Zamudio
                                  Zamudio Law Professionals, PC
                                  233 South Colfax
                                  Griffith, Indiana 46319
                                  Phone (219) 924-2300
                                  Fax (219) 924-2401
                                  dan@zlawpro.com