UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANTHONY WAYNE WATTS,

    Plaintiff,

v.

DAVID M. REYNOLDS, in his official
capacity as Sheriff of Porter County, TROY
WILLIAMS, in his official capacity as
Portage Chief of Police, MIKE HECKMAN,
in his official capacity as Burns Harbor Police
Chief, and WELLPATH, LLC, d/b/a Correct
Care Solutions,

    Defendants.

CAUSE NO.: 2:19-CV-25-TLS-JEM

**OPINION AND ORDER**

This matter is before the Court on the Motions to Dismiss [ECF Nos. 19, 20, 22] filed by Porter County Sheriff David M. Reynolds, Portage Police Chief Troy Williams, and Burns Harbor Police Chief Mike Heckman, and a Motion for Judgment on the Pleadings [ECF No. 34] filed by Wellpath, LLC. The Court GRANTS the Motions to Dismiss [ECF Nos. 19, 22] filed by Chief Williams and Chief Heckman. The Motions [ECF Nos. 20, 34] filed by Sheriff Reynolds and Wellpath are GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On January 17, 2019, the Plaintiff filed a Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983 against (1) Sheriff David M. Reynolds, (2) Chief Troy Williams, (3) Chief Mike Heckman, and (4) Wellpath. The Plaintiff subsequently filed an Amended Complaint [ECF No. 8] on February 8, 2019, against the same defendants. Count I alleges unlawful policy, custom, or habit; Count II alleges inadequate training, supervision, and discipline; Count III alleges cruel

and unusual punishment; Count IV alleges denial of medical care; Count V alleges a violation of the United States Constitution; and Count VI alleges a violation of the Indiana Constitution. *See* Pl.'s Am. Compl., ¶¶ 37–74 .

The Plaintiff alleges that, during a traffic stop on October 23, 2016, he was "assaulted and abused" by police officers from the Burns Harbor Police Department and the Portage Police Department while being detained and handcuffed. Pl.'s Am. Compl. ¶¶ 15, 19–25. The Plaintiff was then transported to the Porter County Jail and was detained. *See id.* ¶ 23. The Plaintiff alleges that he was arrested, released on bond, and "immediately returned to West Virginia . . . until January 11, 2017." *Id.* ¶¶ 25, 27.

After January 11, 2017, the Plaintiff "returned to Indiana and was arrested for failing to appear at a hearing . . . ." *Id.* ¶¶ 27–28. The Plaintiff alleges that, while in custody, "[Wellpath] personnel and the jail personnel employed by the Porter County jail, under the Porter County Sheriff's authority, knowingly and recklessly failed to provide Plaintiff with much needed medical care." *Id.* ¶ 29. In pertinent part, the Plaintiff alleges that he was not allowed to take his medication and that "[n]othing was done" regarding "his injuries which occurred as a result of the police officers beating him at the scene of his [October 2016] arrest." *Id.* ¶¶ 31, 32. He also alleges that he "continued to complain to jail personnel and to [Wellpath] personnel that he needed medical assistance because of severe pain, and that he was dizzy and nauseous. Defendants, knowing of the complaints, continuously ignored Plaintiff." *Id.* ¶ 35. The Plaintiff also alleges that "[o]n or about October 27, 2016, and at a different time on or about January 17, 2017, Plaintiff was seen by a [Wellpath] and jail medical personnel who acknowledged his need for medical relief but advised the Plaintiff that there was nothing [Wellpath] personnel, jail personnel, or the other Defendants' personnel will do." *Id.* ¶ 34. The Plaintiff also alleges that

Wellpath denied him medical care related to his preexisting conditions. *Id.* ¶ 31. The Plaintiff alleges that he filed a grievance regarding the denial of his medical care. *Id.* ¶ 33. The Plaintiff further alleges that Wellpath and Sheriff Reynolds had "a policy, custom, or habit of providing woefully inadequate medical care to the inmates of that facility, ignoring requests for medical attention, and acting with deliberate indifference to the serious medical needs of its inmates." *Id.* ¶ 41. In his response brief, the Plaintiff indicates he was released from custody on February 22, 2017. Pl.'s Resp. to Mot. to Dismiss 2, ECF No. 28.

On March 6, 2019, Chief Troy Williams filed a Motion to Dismiss for Failure to State a Claim [ECF No. 19]. On March 11, 2019, Sherriff Reynolds and Chief Heckman each filed a Motion to Dismiss for Failure to State a Claim [ECF Nos. 20, 22]. On April 24, 2019, Wellpath filed an Answer [ECF No. 33], and on April 25, 2019, Wellpath filed a Motion for Judgment on the Pleadings [ECF No. 34]. The motions are fully briefed and ripe for ruling. [ECF Nos. 27–32, 39, 40].

**LEGAL STANDARD**

"A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). A motion for judgment on the pleadings is governed by "the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Buchannan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court presumes that all well-pleaded

allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bonnstetter*, 811 F.3d at 973 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

The Defendants, in pertinent part, argue that (1) the Plaintiff's claims arising from his October 2016 arrest and first period of custody are barred by the statute of limitations, (2) the Plaintiff failed to plead sufficient facts to support a claim upon which relief can be granted, and (3) the Plaintiff has no right to monetary damages pursuant to the Indiana Constitution. The Court addresses these issues in turn.

**A.     The Statute of Limitations**

The Court first concludes that the Plaintiff's claims arising from his October 2016 arrest and first period of custody are barred by the statute of limitations.

A motion to dismiss brought under Federal Rule of Civil procedure 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Courts may grant a Rule 12(b)(6) motion based on the statute of limitations. *See Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011). "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But

when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "The pertinent Indiana statute of limitations is two years." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (citing Ind. Code § 34-11-2-4).

1. ***Chief Williams and Chief Heckman***

In this case, the Plaintiff alleges that he was assaulted by police officers from the Burns Harbor Police Department and the Portage Police Department on October 23, 2016. The Plaintiff was then transported to the Porter County Jail and was detained. He was subsequently released on bond and "immediately returned" to West Virginia sometime prior to January 11, 2017. The Plaintiff did not file his Complaint until January 17, 2019.

Because the two-year window for filing his claims based on the events of October 23, 2016, was exceeded when the Plaintiff filed his Complaint on January 17, 2019, all claims that directly arise from the alleged October 2016 assault brought in Counts I, II, III, IV, V, and VI are barred by the statute of limitations. In addition, the Plaintiff's only claims against Chief Williams and Chief Heckman arise from his arrest on October 23, 2016. Thus, the Plaintiff's Amended Complaint against Chief Williams and Chief Heckman is barred in its entirety by the statute of limitations. Accordingly, the Court grants their respective Motions to Dismiss, and the Plaintiff's Amended Complaint is dismissed with prejudice as to Chief Williams and Chief Heckman. Likewise, the Court dismisses Counts II and V because they are brought based only on claims of alleged excessive force during the Plaintiff's arrest and detention on October 23, 2016.[1]

---

[1] The Court notes that Count II requests punitive damages against Wellpath. However, this appears to be an error due to the fact that Count II only relates to allegations of police misconduct.

*2.     Wellpath and Sheriff Reynolds*

The Plaintiff alleges that Wellpath and Sheriff Reynolds' employees at the Porter County Jail provided him inadequate medical care. As with the excessive force and *Monell* claims arising from the October 23, 2016 events, any claims against Sheriff Reynolds and Wellpath arising from his first period of custody, which began on October 23, 2016, and ended sometime prior to January 11, 2017, appear to be barred by the two-year statute of limitations because his Complaint was not filed until January 17, 2017. Trying to avoid this result, the Plaintiff argues that the statute of limitations does not bar his claims because (1) his cause of action did not accrue until the last date of his imprisonment, which was February 22, 2017, and (2) the statute of limitations should be tolled because he was in custody. The Court disagrees.

"Accrual is the date on which the statute of limitations begins to run." *Mihelic v. Will County, Ill.*, 826 F. Supp. 2d 1104, 1111 (N.D. Ill. 2011) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)). "Civil-rights claims under § 1983 borrow the state-law limitations period for analogous torts, but federal law governs accrual questions." *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018). "The Supreme Court has held that a § 1983 claim accrues when the constitutional violation is complete and the plaintiff has a present cause of action—'that is, when the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) ("[T]the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles. That time is presumptively when the plaintiff has a complete and present cause of action, though the answer is not always so simple.") (internal quotation marks and citations omitted).

However, when "a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." *McDonough*, 139 S. Ct. at 2155. Claims based on the provision or denial of medical care within a prison may constitute "a continuing violation for accrual purposes." *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019). "A violation is continuing where 'it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct.'" *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (quoting *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)) (alteration in original). In this case, there was not a continuing denial of medical care because the Plaintiff was initially released from custody. Due to this release from custody, the Plaintiff's claim regarding his first period of custody accrued at his initial release sometime before January 11, 2017. *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) (pretrial detainee's § 1983 action accrued when he was released from custody). Thus, the Plaintiff's accrual argument fails.

The Court also rejects the Plaintiff's tolling argument. "Although the accrual analysis is governed by federal law, in Section 1983 actions courts apply the tolling laws of the state where the injury occurred." *Mihelic*, 826 F. Supp. 2d at 1113 (citing *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001)). Tolling pauses the statute of limitations after it has begun to run. *Heard*, 253 F.3d at 317. Under Indiana law, incarceration does not toll the statute of limitations. *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 874 (N.D. Ind. 2003) (citing *Diaz v. Carpenter*, 650 N.E.2d 688, 691–92 (Ind. Ct. App. 1995)); *see also Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985) (noting that Indiana amended its laws so that incarceration is excluded from the tolling calculation). Accordingly, the Plaintiff's tolling argument also fails.

Thus, the Court grants Sheriff Reynolds' motion to dismiss and Wellpath's motion for judgment on the pleadings to the extent that Plaintiff's claims relate to his first period of custody, and the Court dismisses those claims. As a result, the only claims that survive are the Plaintiff's claims against Wellpath and Sheriff Reynolds arising from the Plaintiff's second period of custody, which lasted from January 11, 2017, until February 22, 2017.

**B.      Failure to State a Claim**

Regarding the Plaintiff's claims arising from his second period of custody, Wellpath and Sheriff Reynolds argue that the Plaintiff fails to plead sufficient facts to support a claim for *Monell* liability. The Court disagrees.

"The Due Process Clause of the Fourteenth Amendment prohibits 'deliberate indifference to the serious medical needs of pretrial detainees.' This provision applies essentially the same deliberate indifference analysis to detainees as the Eighth Amendment does to inmates." *Pittman ex rel Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014) (citing *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991)); *see also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010) ("The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. This amendment, incorporated to apply to the states pursuant to the Fourteenth Amendment, includes a right to adequate medical care.") (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Pursuant to 42 U.S.C. § 1983, a plaintiff may bring suit against a local government for violating his rights while acting under state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. "Instead, municipal liability exists only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy, inflicts the injury.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quoting *Monell*, 436 U.S. at 694). For purposes of § 1983, a suit against a county sheriff in his official capacity is a suit against the governmental entity. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Likewise, for purposes of § 1983, a private corporation acting under color of state law is treated as a governmental entity. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002).

"A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690). To demonstrate that a county is liable for a harmful practice or custom, the plaintiff must show that county policymakers were deliberately indifferent as to the known or obvious consequences of the county's action or inaction. *Id.* The Seventh Circuit has not adopted "any bright-line rules defining a 'widespread custom or practice.'" *Id.* However, "the plaintiff must demonstrate that there is a policy at issue rather than a random event. This may take the form of an implicit policy or a gap in expressed policies, or a series of violations to lay the premise of deliberate indifference." *Id.* (citations and internal quotation marks omitted). "Deliberate indifference exists where the defendant (1) failed 'to provide adequate training in light of foreseeable consequences'; or (2) failed 'to act in response to repeated complaints of constitutional violations by its officers.'" *Miranda v. County of Lake*, 900 F.3d 335, 345 (7th Cir. 2018) (citing *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029–30 (7th Cir. 2006)); *see also Hoskin v.*

9

*City of Milwaukee*, 994 F. Supp. 2d 972, 981 (E.D. Wis. 2014). "The plaintiff must also show a direct causal connection between the policy or practice and his injury, in other words that the policy or custom was the moving force behind the constitutional violation." *Rice*, 675 F.3d at 675 (internal quotation marks and alterations omitted).

The Plaintiff alleges that he was injured by police officers on October 23, 2016. *See* Pl.'s Am. Compl. ¶¶ 15, 19-23. The Plaintiff further alleges that he approached employees of Wellpath and Sheriff Reynolds "about his injuries which occurred as a result of the police officers beating him at the scene of his arrest. Nothing was done." *Id.* ¶ 32. He also alleges that he "continued to complain to jail personnel and to [Wellpath] personnel that he needed medical assistance because of severe pain, and that he was dizzy and nauseous. Defendants, knowing of the complaints, continuously ignored Plaintiff." *Id.* ¶ 35. The Plaintiff also alleges that "[o]n or about October 27, 2016, and at a different time on or about January 17, 2017, Plaintiff was seen by a [Wellpath] and jail medical personnel who acknowledged his need for medical relief but advised the Plaintiff that there was nothing [Wellpath] personnel, jail personnel, or the other Defendants' personnel will do." *Id.* ¶ 34. The Plaintiff also alleges that Wellpath denied his request to take prescribed medications and denied him medical care related to his preexisting conditions. *Id.* ¶ 31. The Plaintiff alleges that he filed a grievance regarding the denial of his medical care. *Id.* ¶ 33. The Plaintiff, in pertinent part, also alleges that Wellpath and Sheriff Reynolds "were aware of prior instances of poor medical treatment of pretrial detainees and regular inmates . . . but took no steps to prevent the recurrence of such incidents. The incident involving Plaintiff would not have occurred except for the failure of the Defendants to take action to prevent such occurrences." *Id.* ¶ 40. The Plaintiff further alleges that Wellpath and Sheriff Reynolds had "a policy, custom, or habit of providing woefully inadequate medical care

to inmates of that facility, ignoring requests for medical attention, and acting with deliberate indifference to the serious medical needs of its inmates, including Plaintiff." *Id.* ¶ 41.

At first glance, the Plaintiff's Amended Complaint appears to be a formulaic recitation of the elements of *Monell* liability because the Plaintiff does not allege specific examples of other inmates who were denied medical care. However, the Plaintiff has well-pleaded factual allegations regarding his own medical care. For example, the Plaintiff alleges that (1) he suffered injuries from his October 2016 arrest, and Wellpath and jail employees continuously did nothing to address his injuries; (2) Wellpath and jail personnel denied him his prescribed medication; (3) Wellpath and jail personnel denied medical care relating to his preexisting medical conditions, and "continuously ignored" the Plaintiff's medical complaints; (4) the Plaintiff filed a grievance regarding his medical situation; and (5) Wellpath and jail medical personnel, on at least two occasions, acknowledged his need for medical care but advised him that there was nothing they would do. These factual allegations, when viewed in the light most favorable to the Plaintiff, allege "a series of violations to lay the premise of deliberate indifference." *Thomas*, 604 F.3d at 303. Furthermore, such factual allegations state a claim to relief that is plausible on its face and raise a right to relief which is above the speculative level. *See Twombly*, 550 U.S. at 555. Accordingly, the Plaintiff's Amended Complaint is sufficient to withstand a Rule 12(b)(6) motion to dismiss. Accordingly, Counts I, III, and IV of the Plaintiff's Amended Complaint survive against Defendants Wellpath and Sheriff Reynolds to the extent that they relate to his second period of custody beginning January 17, 2017.

**C.    Indiana Constitutional Claim**

In Count VI of his Amended Complaint, the Plaintiff brings a claim for money damages pursuant to the Indiana Constitution. *See* Ind. Const. art. I, §§ 15, 16. However, as noted by the

Defendants, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007). In his response brief, the Plaintiff now states that he is not seeking monetary damages pursuant to the Indiana Constitution. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 9, ECF No. 29. Accordingly, Count VI of the Plaintiff's Amended Complaint is dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Court GRANTS the motions to dismiss filed by Chief Williams [ECF No. 19] and Chief Heckman [ECF No. 22]. Chief Williams' motions to join [ECF No. 25, 26] are dismissed as moot. The motion to dismiss filed by Sheriff Reynolds [ECF No. 20] is GRANTED IN PART and DENIED IN PART. Wellpath's motion for judgment on the pleadings [ECF No. 34] is GRANTED IN PART and DENIED IN PART. All claims against Chief Williams and Chief Heckman are DISMISSED with prejudice. Counts II, V, and VI of the Plaintiff's Amended Complaint [ECF No. 8] are DISMISSED with prejudice. Counts I, III, and IV of the Plaintiff's Amended Complaint are DISMISSED with prejudice against Sheriff Reynolds and Wellpath for the time period prior to January 17, 2017, but REMAIN PENDING against Sheriff Reynolds and Wellpath as to Plaintiff's second period of custody beginning on January 17, 2017.

SO ORDERED on October 17, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT